UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DISH NETWORK LLC,

Plaintiff,

v. Case No.: 8:25-cv-2846-CEH-AEP

ARTISTRY GROUP, LLC, d/b/a 1 Dollar IPTV, KEMO E MARKETING SDN. BHD., NOORHAYATI BINTI ABDUL RAHIM, and AMMAR TOWIR,

Defendants,
_______________________________/

**ORDER**

This matter comes before the Court on Plaintiff DISH Network LLC's Motion for Default Judgment against Defendants, Permanent Injunctive Relief Requested (Doc. 35), filed on June 8, 2026. In the motion, DISH Network seeks default judgment, injunctive relief, and damages against Defendants for their failure to respond to the Complaint. The Court, having considered the motion and being fully advised in the premises, will deny, without prejudice, Plaintiff DISH Network LLC's Motion for Default Judgment against Defendants.

**BACKGROUND**

On October 17, 2025, DISH Network LLC ("DISH") sued four Defendants in a three-count Complaint alleging copyright infringement under 17 U.S.C. § 501. Doc.

1. The Defendants are a dissolved Florida LLC, a Malaysian company, and two individuals believed to be residing in Malaysia.

According to the Complaint, Defendant Artistry Group LLC ("Artistry Group") was a Florida Limited Liability Company doing business as 1 Dollar IPTV, with its principal place of business located in St. Petersburg, Florida, and that Artistry Group was dissolved in February 2025. Doc. 1 ¶ 7. DISH alleges that Defendant Kemo E Marketing Sdn. Bhd. ("Kemo Marketing") is a private limited company organized under the laws of Malaysia. Doc. 1 ¶ 8. Defendant Noorhayati Binti Abdul Rahim ("Rahim") is an individual believed to reside in Kuala Lumpur, Malaysia and is the director and sole shareholder of Kemo Marketing. Doc. 1 ¶ 9. Defendant Ammar Towir ("Towir") is alleged to be an individual residing in Kuala Lumpur, Malaysia, who owns and operates the Kemoiptv.io (formerly Kemoiptv.com) and Lemotv.io (formerly Lemotv.com) domains and websites (collectively referred to as the "Kemo and Lemo Websites") and financial accounts used by Kemo Marketing for the sale of Service Subscriptions. Doc. 1 ¶ 10.

When Defendants failed to respond to the Complaint, DISH moved for default against Defendants (Docs. 17, 24, 29, 32), and Clerk's Defaults were entered against each of the Defendants. Docs. 19, 26, 31, 34.

DISH now moves the Court for entry of an order granting default judgment and permanent injunctive relief against Defendants Artistry Group, Kemo Marketing, Rahim, and Towir from violating DISH's copyrighted works. In support, DISH submits it has exclusive rights to the Works, as described in the Complaint, and Kemo

Marketing, Rahim, and Towir (collectively "Direct Infringers") infringed those works by operating an illegal streaming Service known as Lemo TV or Kemo IPTV that unlawfully transmitted the Works to the United States and sold the Service to subscribers and resellers such as Artist Group. DISH argues that Direct Infringers engaged in these illegal activities since at least February 17, 2021, despite receiving notices of infringement requesting the removal of the Works. DISH contends that Direct Infringers continue to transmit DISH's copyrighted works without authorization. DISH asserts that Artistry Group engaged in these illegal activities since at least December 3, 2024, despite receiving notices of infringement requesting the removal of the Works and that Artistry Group cease facilitating access to the Works.

DISH seeks statutory damages of $27,150,000 against Direct Infringers for 181 registered Works and $1,500,000 against Artistry Group for 10 registered Works, a permanent injunction, an order that third party service providers cease providing services supporting Defendants' infringement, and an order for the transfer of the domains supporting Defendants' infringement. Since the filing of the motion for default judgment, Defendant Towir has appeared (Docs. 37, 38) and has moved to set aside the Clerk's Default (Doc. 36) arguing, in part, that service was improper.[1]

## LEGAL STANDARD

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear, pursuant to Rule 55(b). *DirectTV,*

[1] The motion to set aside clerk's default is pending before the magistrate judge.

*Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003). A defendant who defaults is deemed to have "admit[ted] the plaintiff's well-pleaded allegations of fact," *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987), but "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law," *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[2]; *see GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (explaining that allegations in a well-pleaded complaint are established as fact on entry of a default judgment, as long as there is a stated claim that allows for relief and jurisdiction is established).

Additionally, a plaintiff is entitled to only those damages adequately supported by the record. *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). As such, "the court must determine the amount and character of damages to be awarded." *Armadillo Distrib. Enters., Inc. v. Hai Yun Musical Instruments Manufacture Co. Ltd.*, 142 F. Supp. 3d 1245, 1255 (M.D. Fla. 2015). If default judgment is warranted, a court may hold a hearing to assess damages, but a hearing is not required where sufficient evidence is submitted to support the claimed damages. *Id.* Where applicable, courts within the Eleventh Circuit assessing the reasonableness of a request for attorney's fees utilize the "lodestar" method. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1298–99 (11th Cir. 1988).

---

[2] In *Bonner v. City of Prichard,* the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

## DISCUSSION

In the Eleventh Circuit, "default judgments are disfavored" and the preference is for courts to adjudicate matters on the merits. *Varnes v. Loc. 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981)). Accordingly, in a case involving a request for default judgment "there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment." *Id.* at 1369. A district court may not enter default judgment against a defendant who was not properly served. *Colclough v. Gwinnett Pub. Schs.*, 734 F. App'x 660, 662 (11th Cir. 2018) ("Given the improper service, the Court lacked jurisdiction over the matter and could not render a default judgment or enter default."); *see also In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("[W]here service of process is insufficient, the court has no power to render judgment and the judgment is void.").

Despite DISH's motion for default judgment stating that service on Defendants was proper, DISH fails to set forth any facts or Malaysian legal authority in its motion establishing the propriety of service on Defendants. And while DISH attaches a Declaration of its Texas attorney[3] identifying steps his firm undertook to locate the Defendants for purpose of effecting service on them, the motion still falls short of alleging the propriety of service on Defendants, one of which is a dissolved Florida

[3] At the time the motion for default judgment and attorney Ferguson's Declaration were filed, attorney Ferguson was not counsel of record, nor was he admitted pro hac vice to this Court. Attorney Ferguson has now filed a motion to be admitted to practice in this Court, which has been granted. Docs. 39, 40.

LLC[4] and the other three of which were purportedly served in accordance with Malaysian law. Indeed, DISH's response to the motion to set aside clerk's default goes into some detail as to the validity and method of service under Malaysian law (Doc. 41 at 2), and yet in its motion for default judgment, DISH provides no discussion of Malaysian law, nor cites to any Malaysian authority establishing that service by trackable post of a foreign summons and complaint is proper and effective under Malaysian law.[5]

Moreover, Defendant Towir has now filed a motion to set aside the clerk's default, along with a Declaration stating that he is not a resident of Malaysia, that he was a resident of Dubai at the time the Complaint in this action was filed, and that he informed DISH that he was not a Malaysian resident during settlement negotiations. Docs. 36, 36-1. DISH contends that Towir was a resident of Malaysia at the time of service and that it has properly identified Towir's last known address in Malaysia. Doc. 41. The Court cannot consider the motion for default judgment against Towir until there is a determination that service on Towir was proper, as properly effectuated service on Defendant is central to the Court's analysis of Plaintiff's Motion for Default Judgment.

---

[4] According to the Florida Division of Corporations, Artistry Group was dissolved approximately eight months before this lawsuit was filed. While a dissolved Florida LLC may still be properly served by serving its registered agent, it is not entirely clear that service of Artistry Group was proper under Fla. Stat. §§ 48.062(5), as the motion for default judgment does not address the propriety of service.

[5] Malaysia does not follow service rules under the Hague Service Convention because it is not a party to the treaty.

Given the pending motion to set aside the clerk's default against Towir and the dearth of facts in the Motion for Default Judgment as it relates to the propriety of service against all the Defendants, the Motion for Default Judgment will be denied, without prejudice. Accordingly, it is hereby

**ORDERED**:

1. Plaintiff DISH Network LLC's Motion for Default Judgment against Defendants, Permanent Injunctive Relief Requested (Doc. 35) is **denied without prejudice**.

**DONE AND ORDERED** in Tampa, Florida on September 29, 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any